Michelle L. **MICHALSKI**, f/k/a Michelle L. Ferguson, Plaintiff,

v.

**CIRCUIT CITY STORES,**
INC., Defendant.

No. CIV. A. 98–C–442.

United States District Court,
E.D. Wisconsin.

July 22, 1998.

Thomas P. Lyons, Jennifer L. Sielaff, Cunningham & Lyons, Milwaukee, WI, for Plaintiff.

Patricia Costello Slovak, Brittain, Sledz, Murris & Slovak, Chicago, IL, for Defendant.

### ORDER DENYING DEFENDANT'S MOTION TO STAY OR DISMISS

REYNOLDS, District Judge.

The plaintiff, Michelle Ferguson ("Ferguson"), was employed by the defendant Circuit City Stores, Inc. ("Circuit City"). Ferguson alleges that she was terminated after and on account of her becoming pregnant. She has filed this lawsuit under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et. seq.

Presently before the court is the defendant's motion to either dismiss the suit or stay the suit and compel arbitration of the claim. The basis for this motion is Circuit City's "Associate Issue Resolution Program" which Circuit City alleges binds Ferguson to arbitrating this claim. This motion shall be denied because Ferguson is not so bound.

At the outset, it should be noted that the court is very dubious of enforcing what amounts to a contract of adhesion, allegedly entered by an at-will employee by the employee's failure to "opt-out" of the employer-imposed arbitration program. Title VII embodies vital procedural and substantive protections for workers. To create a legal mirage of a bargained, knowing, and voluntary waiver of its protections by the at-will employee of a large and sophisticated corporation is both dangerous and disingenuous.

] Nonetheless, the court need not reach that larger issue: The "agreement" to arbitrate at issue here fails for want of compliance with basic contract law. An agreement to arbitrate discrimination claims is not binding unless the employee has received consideration for her promise to arbitrate. *Gibson v. Neighborhood Health Clinics, Inc.,* 121 F.3d 1126 (7th Cir.1997). In the instant case, Ferguson signed a form that acknowledged her receipt of Circuit City's Issue Resolution Program materials. This form stated that "I understand that if I do not mail the Form [opting out of the program] within 30 calendar days, I will be required to arbitrate all employment-related legal disputes I may have with Circuit City." (June 3, 1998 Parsons' Aff., Ex. A.) The form contained absolutely no representations that Circuit City promised anything in return. Ferguson promised either to "opt-out" or arbitrate; Circuit City promised nothing. Therefore, the opt-out provision did not bind Ferguson.

The fact that a "Dispute Resolution Rules and Procedures" handbook, also given Ferguson, contains some language that can be read to have bound Circuit City to certain promises, does not render the "agreement" Ferguson signed enforceable. *Gibson* addressed an almost identical issue. There, the court found that the absence of a "meaningful link" between the employee's promise and any promises by the employer, embodied in an employee handbook, rendered the employee's promise unenforceable. *Id.* at 1131. An enforceable agreement of this type requires both parties' promises to exist as "complementary components of a bargained for exchange." *Id.* The documents before the court demonstrate that Circuit City's "Associate Issue Resolution Program" does not begin to meet this requirement.

The defendant Circuit City Stores, Inc.'s motion to stay or dismiss this action is DENIED.